v. BMW SUM decided to install a new exhaust system since it was not even present in the Good morning, Your Honor. Good morning, Judge Moore, Judge Benson. I'm going to reserve five minutes. Sure, proceed. Your Honors, this case is really one of procedure. This case is a patent infringement action. It's a business method type patent. Shortly after the complaint was filed, before there was a move for summary judgment, there was no affidavit, there was no evidence, there were no declarations, there was no interrogatory answers, there was no depositions. In short, there was no evidence whatsoever. The plaintiff countered with a declaration of one of the inventors stating the importance of the computer in the carrying out of the method of the invention and also stating why it was important that there was a transformation of the original information to a different state or product. Is that computer recited anywhere in the claims? Yes, Your Honor. It's recited three times in claim one, which is the main claim that's involved here. And what is the computer's role? The computer processes information with respect to leases. The object of this invention is to create derivatives, tradable securities. Those derivatives are collateralized by underlying leases. Leases themselves are individual, for example, a lease of an automobile. And those leases cannot be sold or traded on an exchange. They're just one bit of information. What the inventors came up with here was a method of valuing these leases, selecting these leases, and enabling them to be packaged so that one can create a derivative, a different product. A derivative, which is like a tradable security of some sort, which could be traded on an exchange or sold. Let's come back to the computer. Of course, I'm aware that it says calculating by computer, calculating by computer, but it's just calculating. What is the computer doing beyond its normal and expected function? It's taking information which is dynamic. It's adding and subtracting. No, no, it's not doing that, Your Honor. Actually, my law clerks and I played a little game and we did this all on a pad and paper. We didn't have a computer. We took some hypothetical numbers and we calculated it. No, Your Honor, I disagree. It's not just doing calculation. It's doing a selection process. And that selection process... Wait a minute. Now you're talking about the last element in the claim, selecting a lease. But the first, the second through fourth elements say by computer. The last element, selecting a lease, doesn't say by computer. Because, Your Honor, you need all of the underlying information. This information is dynamic. If you didn't recite the computer in the last one, does that mean you don't use the computer there? No. Is that the presumption we make for language of this dimension? I wouldn't say it's a presumption you make. It just doesn't say it. And if it doesn't say it, it's not there. So that element is not limited to using the computer. It could be done by the human being, right, as an alternative? No, Your Honor. It couldn't be done by a human being. Well, a human being can't select a lease, a lease, not multiple leases, a lease based on the rate of return. A human being can't select a lease based on the rate of return? It would do you no good whatsoever to select a lease. I understand the claim elements are referring to one transaction, but it starts in the beginning and the end of the claim about using information from a multitude of leases. It says leases, and it gives the steps with respect to one lease. But you have to do this with many, many leases using dynamic information such as interest rates, which change continuously. A human could not possibly keep up with the changes in interest rates, with the changes in residual values of the equipment. Well, that's not what the last step requires, keeping up with changes in residual values or interest rates. The last step says selecting a lease based on the rate of return. That's all it says. So I want to know from you is that I don't see any reason to limit that language to a computer to say only being performed by a computer because the claim itself doesn't limit it in that manner. And I'm not one to import limitations into a claim that aren't present. No, nor should you, Your Honor. I agree with that. But the prior steps in that method, which I've laid out, talk about using the computer to do these various calculations and arrive at what is an appropriate lease. If the claim said calculator instead of computer, would you still get a patent? It wouldn't work with a calculator. Well, but if it did, if you're doing the adding and subtracting and that's all you needed was a calculator, would that meet this machine requirement? I'm just wondering. No, Your Honor, because a calculator does nothing more than add things up, and this is not just adding them up. It's the sophistication of the computer that makes it patentable? No, it's being able to manipulate a large quantity of dynamic information. That's sophisticated. Well, it's dynamic. These are the things that change. The interest rates are changing continuously. The residual values are changing continuously. This calculation is constantly iterating itself in order to come up with a proper group of leases, which then can be selected based on these criteria, which have already been analyzed. But that's not what the claim covers. This isn't a method of iteratively performing calculations, using the results of those iterative calculations to make selections and combine them together. That's not what this claim covers. This claim covers doing it one time, no more, no less. It doesn't cover a multitude. Even though the preamble said a method for selecting leases, every element of the claim is talking about a single lease. And there's nothing at the end that says, and do over and over again. So this claim is not to what you're describing it to be to. And the only use of the computer in this claim is calculation, multiplication. It says added, multiplying, subtracting right there in each element. It says what the computer is used to do. No, but the next element, Your Honor, is calculating a rate of return. Calculating by computer a rate of return by subtracting the yearly payment of the total purchase price and the selected accelerated depreciation result and dividing it by the lease purchase price. Yes, it does. That's just a calculation. No, it's not just a calculation, Your Honor, because you have to select the lease based on this information. But it's not just one lease. The computer's not doing that. We've already agreed on that. That's what we just discussed. I'm not going to read a computer limitation into selecting the lease, and you agree with me that I shouldn't. So if the computer isn't selecting the lease a la making the choice, the computer's only import in this claim is to render calculation. No, I think you have to read the claim as a whole, Your Honor. It's not just doing the calculation. Reading the claim as a whole, how do I distinguish this from Bilski? From Bilski? Bilski. Well, for one thing, it's got a computer in it. That's exactly what they told us in Bilski. I don't believe the Bilski claim had a computer in the claims. Number two... I think we've been over that if it turns on whether or not there's a computer in the selecting step, does that make a difference? I don't think so, Your Honor, because the computer... But that's your one hope, is that you use the words calculating by computer, that gets you by Bilski? I think if you have a computer in the claims, and the computer is performing some meaningful function, and is not just there to store information, then I believe it is past Bilski. And it falls within the doctrines of the other cases, which have found there to be a patentable subject matter, for example, in a research corporation. What impact do you think the court's CLS Bank on Bonk will have on this? I wish I could predict what the outcome of CLS Bank would be. When you're predicting outcomes, I'm asking you what you think the effect it will have. My view is that the effect will be to sustain the patentability of this claim. And the basis for my view is that if one takes the existing test of machine or transformation, no just pure abstract ideas, I think this claim meets that test. And if CLS Bank for some reason changes the law, and states that something is not patentable because it has a computer in it, then perhaps it would change the outcome of this case. But I can't predict that without knowing what the outcome is. You predicated this entire thing on an acceptance that the computer has to perform a meaningful function in the claim. Correct. And I guess perhaps what you're confronted with here is at least one judge that only sees the computer rendering calculations which involve addition, subtraction, and multiplication. And I'm not certain, from my perspective, that that computer is therefore performing a meaningful function at the Supreme Court would require it after Bilski and Prometheus. But Your Honor, aren't you then making a factual determination? How? How is that a factual determination? Section 101 thus far has been declared to be only a question of law. So how is that a factual determination? It's a factual determination as to what the meaningful nature of that computer is in the context of this claim. Okay, well, even if you're right, and I don't know of any precedent that would support you, do you? Well, on any summary judgment motion, you have to take the facts as... Right, but do you have any precedent that would suggest that that's a question of fact? Well, in the view of the cases which say that the computer has to have a meaningful role, and I believe there are a number of cases that say that, not just reciting a computer, then whether the computer in fact performs that meaningful role is a question of fact. How could that be a question of law? Because claims instruction is a question of law and 101 is a question of law. So tell me a case that stands for the proposition that what you're saying, whether or not the limitation is meaningful in the context of the claims, is a question of fact. I can't say that I'm aware of any case that specifically says that. But the cases do talk about meaningful distinctions. And that has to be something which is determined based upon evidence. And it has to be clear and convincing evidence. It can't be just something that a judge, looking at a claim, says, I don't think it's meaningful. How does one determine that as a question of law, unless you're a computer expert? There were no expert affidavits here. There was no hearing. There was no evidence. And the judge, when he granted summary judgment, overlooked the declaration of the inventor, which says that it is meaningful. Would you like me to save some of your rebuttal time, Mr. Simmons? Yes, I would, Your Honor. Okay, thank you. Mr. LaBelle? May it please the Court. Mr. LaBelle, why isn't Mr. Simmons correct that whether or not computer is a meaningful use in this claim is a question of fact? Why is 101 all a question of law? Or do you think he is right? Maybe you think he is. Well, I think under this Court's precedent today, the 101 inquiry is a question of law. And the reason I think that Mr. Zivit is wrong is that the question we are asking is, does the computer place some meaningful limitation on the claim? Should we have a claim construction first, then? There was no claim term requested. You didn't request a claim construction before you brought a motion that requires a claim construction? That's correct. You sound like you're part of the problem, not the solution here. Your Honor, our position in the District Court was that the claim terms were, excuse me, clear and could be applied as they were. There was no argument on the other side of the plate. Why would you bring a 101 motion before a 102 or a 103? Didn't you have any prior art? We did have prior art. We did have strong invalidity assertions. Why are you bringing a 101, then? It was a question of law that could be resolved based on the past. Without a claim construction? Yes, Your Honor. Without a claim construction, you're asking us to construe the claims here and tell us what selecting means and tell us whether it involves a computer, and you're going to ask us to also ignore the prior art because you haven't put that in yet? Yes, Your Honor. That's exactly correct. We think the claim is clear on its face and does not claim anything other than an abstract idea and that applying… What's an abstract idea? What is an abstract idea? Yes, please. That's the fundamental premise of your argument here now. I think that's going to go away. The fundamental premise is… What an abstract idea. I imagine he pushed a button there. We wouldn't have to answer that question. Your whole idea is that this is an abstract idea which is easily ascertained as a question of law without a claim construction and without prior art on the record. What is an abstract idea? What we have to do is look at the Supreme Court decisions. Neither the Supreme Court nor this Court has provided a definition of what's an abstract idea. So you're bringing an argument on something without a definition, without a claim construction. I'm back to my original premise. You're part of the problem, not the solution. Well, I think where I am is relying on the Supreme Court decisions that set a mathematical algorithm without anything more to the claim except the data gathering step and a step that limits the algorithm to a field of derivatives. That that claim is impermissibly abstract under Bilski and… And what is abstract? It fails to… What the claim does is it preempts the use of a mathematical formula. That seems to be the talisman of the Supreme Court abstraction cases is that it takes this algorithm away from the art. What's the algorithm this takes away from the art? Well, the algorithm is a method of trying to calculate rate of return using the yearly payments and… The shifting interest rates and shifting numbers of leases in a pool and shifting values of the underlying property and that's an algorithm? Yes, Your Honor. It's a mathematical equation. And it doesn't involve all of those things, by the way. If you look at what the claim is claiming, it's claiming the initialization process. If you go to figure 7 of the patent, the algorithm is laid out there and in year 1 you just initialize the values and then in subsequent years you take into account the changes. Claim 1 is just… All it requires you to do is look up what the lease cost, what the equipment cost, how many pieces there were, multiply them together and apply the formula. That's it. It has a data gathering step in the beginning… But this sounds very defined. I thought you said it was abstract. The equation is very clear. You can read the equation and follow it and apply it to do what you're doing. No, I'm confused. I thought you said this was abstract. It is abstract. Tell me what abstract means then. Once again, I think if you look at the Supreme Court decisions on abstract… I think we'll nail this for invalidity. You must know what abstract is, so tell me. I think that a claim that only has a mathematical algorithm in it, that is preempted because there's not other structure in the claim, falls within what the Supreme Court has told us is an abstract idea. You're saying this is abstract, but I'd like to know too, what does abstract mean? What is an abstract idea? Well, neither this court nor the Supreme Court has provided a precise definition. When you look at the… Could you take a stab at one? Give it a try. Well, sure. It is, for example, in this case we have a mathematical algorithm without any other substantial structure on the claim. So the claim is very close to just claiming an idea, a concept. And the Supreme Court has said concepts are available to everybody. Laws of nature, mathematical equations aren't… You just described a very specific thing, an algorithm. Is it just we know it when we see it? Well, I think we have some guidance from the Supreme Court cases that we have to apply. And what the court is looking at… But you're not doing very well with that guidance. You just keep coming back to, well, this is one. I believe that this is one, that because we have an equation here and not much else, and this is very, very similar to Bilski. Now, in the Supreme Court case, they couldn't… Is your answer, I know it when I see it? I might not know how to define all of it, but I know it when I see it? No, I think my answer, Judge, is closer to, I know the easy cases, and I know the cases that there may well be hard cases in applying this test, as Judge Dykes said in the CLS. There may be hard cases, but this isn't one. This one is right within Bilski and right within the mathematical equation. Wait, you're trying to tell me CLS is not hard? Have you seen an opinion come out? How long have we been sitting on this case? No, I think it is hard. I think I'm saying the opposite. There are certainly hard cases applying this abstract idea test, but that this isn't one of them. Does it turn on whether or not selecting a lease requires a computer? No, it doesn't. I think you're right about that. Selecting a lease doesn't require a computer. You're telling me I'm right, but that is a matter of claim construction. Whether or not selecting a lease must be done by a computer or is not limited to performance by a computer seems to me a question of claim construction. If it was disputed in the district court, it would be, but it wasn't disputed in the district court. Has the time passed for all of those issues to be presented at the district court level? I mean, this process moved very quickly. So I'm wondering, is the state of the record closed? Are all the contentions in? Where does this case stand vis-a-vis claim construction? The case was, when the judge decided it, the case was essentially at the end of discovery. It hadn't had a Markman ruling. Expert reports had been exchanged, but the experts hadn't been deposed. So it was relatively far along when decided and very early in the process when the summary judgment motion was made. In terms of is it too late, when you're faced with a properly supported summary judgment motion, you've got to put your opposition arguments in then. You don't get to come here to the Federal Circuit and decide there are claim construction issues I should have raised below. But my question is, had you all exchanged all your claim construction contentions at the time that the summary judgment was granted? You're faulting them for not having put in issue whether or not the last element involved the computer, and I'm wondering if they had to have put it in issue at the point in time when this was resolved. Yeah. The Florida court didn't have local rules at the time, so the contentions were exchanged through the normal discovery process. And that was ongoing? And that was ongoing, that's right. I mean, they also, in addition, if you're looking at the procedural posture and whether or not Judge Antoon was acting carefully, there was also a motion for reconsideration after the judge decided his opinion, and that was at the close of discovery. And if they possibly wanted to raise a claim construction issue, they had a second bite at this apple and didn't do it then as well. If you keep referring to this claim as a mathematical algorithm and you're saying that's why this claim can be categorized as an abstract idea, is that right? Yes, that's right. Is all software a mathematical algorithm then? At one level, sure. I guess that's my concern, right? It's easy to reduce everything to the kernel of the idea that it inherently has in it and strip away any structural, meaningful limitations. But I'm wondering, software is just an algorithm. An algorithm simply means a series of steps. That's all it means. So software is clearly an algorithm. Does that mean all software patents are dead if the definition of abstract idea is mathematical algorithms are out? I don't think so, Your Honor. I think that that's not what the… Diamond vs. Deere is a case where there was software in the claim… Then help us to draw that line between the software which is good and the software which is bad. And recognize, as I think we all do, that the future of invention is probably all software. We'll have software chips planted in our wrists that will diagnose and treat our ailments on the fly. Are you actually patent-pending on that? Yeah, I do. Talk about it in public. Yeah, but it's probably abstract. Go ahead. So rubber meets the road at Diamond vs. Deere, which was a claim that had a lot of… But you were telling us Benson and Fluke are the ones that control. Is Deere consistent with Benson and Fluke? I think it is, yes, Your Honor. Oh, that's interesting. How? Well, Benson was purely an algorithm. There was no additional structure. It was converting binary numbers to BCD or the other way around. The next case was Parker vs. Fluke, which did have an algorithm in it. And the key to the claim was it only claimed this add limit. It didn't attach the algorithm to structure or performing a method. And then Deere comes along, and the Deere claims they had a lot of computer steps in them, but the computer was claimed as operating with a mold and measuring temperature and adjusting the mold on the fly to properly cure metals. Like adjusting lease rates on the fly? That's not in the claim. I mean, I've heard Mr. Ziven, but adjusting the lease rates on the fly is not what's claimed. Now, wait a second. You're telling us what's in the claim and what's not in the claim. Isn't that claim construction, which you have asked us not to do because you didn't even get to that point before you filed your motion? Yes, Your Honor. There's an awful lot of contradictions in what you're trying to tell this court. You want to tell us what the claim means, but you don't want to give us a claim construction. You want to file this motion before there's any clarity in the meaning of selecting, and yet you want to tell us it's all abstract. I'm having trouble here. This court has said over and over again that the district courts can proceed to decide the 101 issue without a claim construction, and that the patentees are free to raise claim construction issues during the 101 process. Give me the case where we have said that the meaning of the claim is irrelevant to 101. I don't think you've ever said that. Well, then don't you need a claim construction? If there's a dispute about claim construction, sure you do, but if the claims are not disputed, the judge can decide the case. I think I heard Mr. Zivin here contesting your definition of what selecting means. He did it three motions too late and in the wrong place. So maybe what we need to do is remand this case for a claim construction? Is that what you're suggesting? Not in the slightest, Your Honor. I think this judge did his absolute best with the record before him. I'm a little more worried about the procedural posture that you're putting the judge in. Well, the patentees have lawyers who can raise claim construction issues when they're presented on the record, and if none are presented, the judge has to proceed to decide the case. Thank you, Your Honors. Mr. Zivin. Yes, Your Honor. First of all, on claim construction, we did raise with the district judge whether terms needed to be construed, including selecting the lease, and the court had scheduled a Markman hearing. But before we got to that point, he granted summary judgment dismissing the case, so we never had the Markman hearing. So we were deprived of that, and we did raise that on several occasions with the court, and he said, I don't need to have a Markman hearing. But what would it matter if you had the only incorporation of the computer in this claim is straightforward, and it's calculating by adding, calculating by multiplying, calculating by subtracting. Yes, Your Honor, but you've raised that in the context of whether a word should be added to the claim which is not there, and I agreed with you it should not. But that doesn't mean that the claim cannot be construed in interpreting what those words mean to include what the process really means so long as it's consistent with the specification. Where in the record did you contest that there was no claim construction before this 101 motion was made? All right. I know I have it. Specifically, where did you contest selecting? All right. Page A-6 of the appendix, which is the court's order granting summary judgment. It says, plaintiff first asserts that this court must conduct claim construction prior to any invalidity analysis. And then the court goes on to say that it wasn't necessary for the term computer. Then in the order on reconsideration. Well, what he says on A-6, let's be clear, is plaintiff makes the vague statement that the issue of whether the computer recited in Claim 1 meets the machine or transformation test and, quote, begs for claim construction. Plaintiff, however, offers no construction of computer beyond its plain and ordinary meaning. Accordingly, no construction of the word computer is necessary. Well, we never had a chance to put anything in. They filed this summary judgment motion right in the beginning of this case. And we said it should be denied because there's been no claim construction. Well, wait a minute now. Your brief, which I'll help you out with on page A-365, your summary judgment brief, has a section. Claim construction is to include summary judgment at this stage. And it goes on for several pages. But the interesting thing about it is it actually doesn't cite a single term in the claim that you think needs to be construed. So you just say claim construction in the abstract hasn't occurred yet. Therefore, there can be no summary judgment at this stage. But you literally don't cite a single term from the claim that you think is in dispute, not to be given its plain and ordinary meaning, or would in any means preclude a one-on-one decision. Fair enough. You fail to reserve anything. Well, I'm also told that it's on page 14 of our brief about the word selected. Your Honor asked about the term abstract and what it means. And I submit this is not a question of abstract. There's no abstract concept here. The claim is specifically limited to a field, a particular field of leases, equipment leases, and creating derivatives from those leases. And at the end of the claim, it specifically says creating derivatives. And a derivative cannot be created from one lease. It has to be created from a multitude of leases. Thank you, Mr. Simmons. Thank you, Your Honor.